CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 13 2012
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN WILLIAM HARLOW, | ) CASE NO. 5:11CV00126 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's October 14, 2009 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on June 23, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since May 7, 2008, his alleged disability onset date, and that he met the insured status requirements of the Act through December 31, 2013. (R. 12.) The Law Judge determined that plaintiff suffered the following severe impairments: severe back and knee pain, history of drug and alcohol abuse, and mood disorder. (*Id.*) The Law Judge further determined that plaintiff did not suffer an impairment or combination of impairments

which met or medically equaled a listed impairment, and that he retained the residual functional capacity ("RFC") to perform sedentary[1] work, except that he could not be exposed to concentrated hazards in the workplace. (R. 12, 14.) The Law Judge determined that this RFC did preclude him from performing his past relevant work as an electrician's helper, but that a finding of "not disabled" would be directed under Rule 201.28[2] of the Medical–Vocational Guidelines ("grids")[3]. (R. 19-20.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act. (R. 20.)

Plaintiff appealed the Law Judge's June 23, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig*

---

[1] "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a).

[2] Grid Rule 201.28 provides that a person is disabled if he is limited to sedentary work, is a younger individual, is a high school graduate or more, and his past relevant work experience is unskilled or semiskilled with skills which are not transferrable. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

[3] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue,* 2010 WL 1027492, *3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir. 1981)).

v. *Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

During oral argument, plaintiff, by counsel, argued that the Law Judge who heard his case is biased. Specifically, he asserted that Law Judge Drew A. Swank has an established pattern of denying benefits to claimants and only issuing a favorable decision in about 30% of his cases.

It is well-established that a Law Judge enjoys a presumption of impartiality, and to overcome this presumption, a claimant must show that the Law Judge "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Scweiker v. McClure*, 456 U.S. 188, 195 (1982).

Plaintiff has failed to cite any portion of the record to support his contention that the Law Judge was not impartial in his case. Moreover, plaintiff's general assertion that Judge Swank has a history of issuing opinions with only 30% being favorable is simply not enough to meet his burden of establishing that the Law Judge was biased in his case. Accordingly, the undersigned concludes that plaintiff's bias argument lacks merit.

Next, counsel argued that a vocational expert ("VE") should have been called in his case in order to discharge the Commissioner's burden at the final level of the sequential evaluation. The undersigned disagrees.

Where a claimant suffers no non-exertional impairments[4] which preclude him from performing a full range of work at a given exertional level, the Commissioner may rely solely on

---

[4] "A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category." *Aistrop v. Barnhart*, 36 Fed. Appx.

3

the grids to satisfy his burden of proof. *See Aistrop v. Barnhart,* 36 Fed. Appx. 145, 146 (4th Cir. 2002); *Coffman v. Bowen,* 829 F.2d 514, 518 (4th Cir. 1987). The grids may be dispositive of whether the claimant is disabled only when the claimant is found to suffer exertional impairments, alone. *Aistrop,* 36 Fed. Appx. at 146. When a claimant suffers non-exertional limitations, or a combination of exertional and non-exertional limitations that limit or prevent performance of a full range of work at a given exertional level, the grids may only be used as a guide. *Id.* at 146-147 *Walker v. Bowen,* 889 F.2d 47, 49 (4th Cir. 1989). In order to discharge his burden where such non-exertional limitations are present, the Commissioner must adduce vocational testimony demonstrating that jobs exist in the national economy for a person with the claimant's impairments and non-exertional effects. *Aistrop,* 36 Fed. Appx. at 146-147.

As noted above, the Law Judge found that plaintiff's RFC allowed him to perform sedentary work, except that he could not be exposed to concentrated hazards in the workplace. (R. 14.) The Law Judge found that this restriction on the exposure to concentrated hazards had "little or no effect on the occupational base of unskilled sedentary work." (R. 20.)

Social Security Ruling[5] ("SSR") 96-9p provides:

> In general, few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards. The "hazards" defined in the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles] are considered unusual in unskilled sedentary work. They include: moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals. Even a need to avoid all exposure to these conditions

---

145, 147 (4th Cir. 2002). Nonexertional limitations generally impact an individual's ability to meet the nonstrength demands of jobs and include the ability to hold, grasp, kneel, stoop and crouch. *Id.*
[5] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater,* 65 F.3d 1200, 1204 n. 3 (4th Cir.1995). "[T]hey are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir. 1989)).

4

would not, by itself, result in a significant erosion of the occupational base. SSR 96-9p, 1996 WL 374185, at *9 (1996).

Under the Ruling, plaintiff's occupational base was not significantly eroded by the need to avoid exposure to concentrated hazards in the workplace. Thus, the Law Judge was not required to call upon the services of a VE in this case. Accordingly, plaintiff's argument to the contrary fails.

In the brief filed in support of his motion for summary judgment and during oral argument, plaintiff's counsel argued that the Law Judge "totally ignored" the limitations caused by the side effects from plaintiff's medications, his inability to sleep, and the effects of his pain. (Pl's Brief, p. 2.) The undersigned disagrees.

At the outset, the undersigned notes that plaintiff has not pointed to any evidence which would support a finding that limitations caused by the side effects from his medications, his inability to sleep, and the effects of his pain created limitations not accounted for in the Law Judge's RFC finding which limited him to sedentary work. Moreover, plaintiff's testimony during his April 18, 2011 hearing reveals that he is able to live alone in a two story house where his bedroom is located upstairs. (R. 32-33.) He is able to drive himself to his appointments (R. 34-35), provides for his own care, performs household chores, and does grocery shopping (R. 39). Finally, plaintiff is able to provide care for his children (R. 39-40), and he does not require the use of any assistive device for ambulation on a regular basis (R. 38).

Finally, during oral argument plaintiff's counsel contended that, despite the fact that the Law Judge issued an unfavorable decision on June 23, 2011, plaintiff received an award of benefits on a subsequent application. The undersigned granted plaintiff five days in which to file his benefits

5

Case 5:11-cv-00126-MFU-BWC   Document 16   Filed 06/13/12   Page 5 of 7   Pageid#: 863

award notice with the court and gave the Commissioner five days from that within which to file any response.

On May 14, 2012, plaintiff filed the Notice of Award ("Notice"). (Dkt. No. 14.) The Notice summarily states: "As of November 2011 you meet all the rules to be eligible for SSI based on being disabled." (*Id.* at Exhibit 1, p.1.)

On May 16, 2012, the Commissioner filed a Response to the Notice. (Dkt. No. 15.) He contends that the Notice is extra-record evidence which is not new and material, and as such, cannot serve as a basis for a remand. (*Id.* at p. 1.) The undersigned agrees that the Notice is insufficient to constitute new or material evidence.

A remand to consider evidence not in existence at the time of the Law Judge's decision must satisfy the factors for remand under 42 U.S.C. § 405(g), as set forth in *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). *Jones v. Astrue*, No. 4:07CV00049, 2008 WL 2991408, *4 (W.D.Va. August 1, 2008). Specifically, "*Borders* requires that the newly discovered evidence (1) must relate back to the time the application was first filed, and be new (not merely cumulative); (2) must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the Plaintiff's failure to submit the evidence when the claim was before the Commissioner; and (4) Plaintiff must present to the court at least a general showing of the nature of the new evidence." *Id.* (citing *Borders*, 777 F.2d at 955). Plaintiff bears the burden of showing that all of the Sentence Six requirements have been met. *Overcash v. Astrue*, No. 5:07CV-123-RLV, 2011 WL 815789, *3 (W.D.N.C. February 28, 2011).

Here, the new evidence that plaintiff has proffered entirely consists of the Notice showing he received benefits effective November 2011. There is no indication of what the evidence was before

the Commissioner which precipitated the disability finding. The long and short of this is that the court has before it merely the Notice from which it cannot determine the nature or materiality of the evidence leading to its findings. Thus, plaintiff has not shown good cause to remand the case for further proceedings.

For all these reasons, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

Date: June 13, 2012